IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LONNIE ALLEN THOMAS,        )<br>    Plaintiff,                                )<br>                                              )<br>v.                                            )        No. 2:25-cv-02419-SHL-jay<br>                                              )<br>COMMISSIONER OF SOCIAL SECURITY,  )<br>    Defendant.                             ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO REVERSE AND REMAND**

Before the Court is Defendant Commissioner of Social Security's Motion to Reverse and Remand with Suggestions in Support, filed September 26, 2025. (ECF No. 14.) In the motion, Defendant requests that the Court "reverse the decision of the Administrative Law Judge (ALJ) and remand this action to Defendant . . . for further proceedings." (Id. at PageID 611.) Plaintiff Lonnie Allen Thomas does not oppose the motion, on the condition that he "be offered the opportunity for a new hearing" upon remand, to which Defendant in turn does not object. (ECF No. 15 at PageID 614.) For the reasons stated below, the motion is **GRANTED**, and a final judgment reversing the ALJ's decision and remanding this case to the Commissioner for a new hearing will be entered contemporaneously with this Order.

"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); see also Melkonyan v. Sullivan, 501 U.S. 89, 101–02 (1991) ("[I]n § 405(g) actions, remand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or conform with the requirements outlined by Congress in

sentence six."); <u>Newkirk v. Shalala</u>, 25 F.3d 316, 317–18 (6th Cir. 1994) (same). "Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand." <u>Shalala v. Schaefer</u>, 509 U.S. 292, 297 (1993) (citations omitted).

Therefore, the Court **GRANTS** the Motion, **REVERSES** the decision of the ALJ, **REMANDS** this case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g), and will accordingly enter judgment pursuant to Federal Rule of Civil Procedure 58. Entry of final judgment remanding this case will begin the appeal period, which then triggers the 30-day time limit to file an application for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B). <u>Melkonyan</u>, 501 U.S. at 102; <u>see also</u> <u>Schaefer</u>, 509 U.S. at 302–03.

**IT IS SO ORDERED,** this 6th day of October, 2025.

<u>s/ Sheryl H. Lipman</u>
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE